IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SCOTT WILLIAM FOSTER, | ) CIV. NO. 14-00108 HG-BMK |
| Plaintiff, | ) |
| vs. | ) |
| JOHN DOLAN; MEG BALES; MAC LOWSON; VAL HERNANDEZ; LAHAINA PLUMBING; ADAM ALEXANDER; ROBIN VEGA; ANN SHIPMAN; ROBERT "BOB" STAILEY JR; RON PERRY; TREVOR LITTLEFIELD; ASSOCIATION OF APARTMENT OWNERS OF NAPILI RIDGE; THE BOARD OF DIRECTORS (OFFICERS) FOR THE ASSOCIATION OF APARTMENT OWNERS OF NAPILI RIDGE, in their official capacity and personally; MANAGEMENT CONSULTANTS OF HAWAII, INC.; JOHN DOES 1-100; JANE DOES 1-100; DOE PARTNERSHIPS 1-100 AND DOE CORPORATIONS 1-100, | ) |
| Defendants. | ) |
| LAHAINA PLUMBING COMPANY, INC. | ) |
| Cross-claim Plaintiff, | ) |
| vs. | ) |
| JOHN DOLAN; MEG BALES; MAC LOWSON; VAL HERNANDEZ;; ADAM ALEXANDER; ROBIN VEGA; ANN SHIPMAN; ROBERT "BOB" STAILEY JR; RON PERRY; TREVOR LITTLEFIELD; ASSOCIATION OF APARTMENT OWNERS OF NAPILI | ) |

```
RIDGE; THE BOARD OF DIRECTORS    )
(OFFICERS) FOR THE ASSOCIATION   )
OF APARTMENT OWNERS OF NAPILI    )
RIDGE, in their official         )
capacity and personally;         )
MANAGEMENT CONSULTANTS OF        )
HAWAII, INC.; JOHN DOES 1-100;   )
JANE DOES 1-100; DOE             )
PARTNERSHIPS 1-100 AND DOE       )
CORPORATIONS 1-100,              )
                                 )
                                 )
              Cross-claim        )
              Defendants.        )
                                 )
```

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION (ECF No. 50, 51)**
**AND**
**DENYING DEFENDANTS' REQUESTS FOR AN AWARD OF ATTORNEYS' FEES AND COSTS (ECF No. 50, 51)**
**AND**
**DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**

This case arises out of Plaintiff Scott William Foster's claims that he was injured and incurred other damages when a sewage back up caused a hydrogen sulfide gas leak into the unit he was renting. Plaintiff appears pro se. The Complaint alleges tort and Hawaii statutory claims.

For the reasons set forth below, the Court lacks federal jurisdiction.

Defendants Meg Bales and Mac Lowson's Motion to Dismiss, joined by Defendants Val Hernandez and Lahaina Plumbing Company, Inc., is **GRANTED**. (ECF No. 50.)

Defendants Association of Apartment Owners of Napili Ridge, Robin Vega, Adam Alexander, Robert Stailey, Jr., Ron Perry, Ann Shipman, the Board of Directors and officers for the Association of Apartment Owners of Napili Ridge, Management Consultants of Hawaii, Inc.'s Motion to Dismiss, joined by Defendants Val Hernandez and Lahaina Plumbing Company, Inc., is **GRANTED**. (ECF 51.)

Defendants' requests for attorneys' fees and costs, made in their Motions to Dismiss, are **DENIED**. (ECF No. 50, 51.)

The Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

## **PROCEDURAL HISTORY**

On March 4, 2014, Plaintiff, proceeding pro se, filed his Complaint.

On December 19, 2014, Defendant Trevor Littlefield, proceeding pro se, filed an Answer. (ECF No. 20.)

On January 6, 2015, Defendants Meg Bales and Mac Lowson filed a Motion to Dismiss Complaint for Lack of Jurisdiction and for Award of Attorney's Fees and Costs. (ECF No. 50.)

On January 7, 2015, Defendants Association of Apartment Owners of Napili Ridge, Robin Vega, Adam Alexander, Robert Stailey Jr., Ron Perry, Ann Shipman, the Board of Directors and officers for the Association of Apartment Owners of Napili

Ridge,[1] and Management Consultants of Hawaii, Inc., filed a Motion to Dismiss. (ECF No. 51.)

On January 7, 2015, Defendant Lahaina Plumbing Company, Inc. filed an Answer. (ECF No. 52.)

On February 9, 2015, Defendant Val Hernandez filed an Answer. (ECF No. 60.)

Defendant's landlord, John Dolan, has not been served. (ECF No. 56.)

On January 9, 2015, the Court entered a Minute Order giving Plaintiff until February 10, 2015 to file an opposition to Defendants' Motions to Dismiss and Defendants until March 3, 2015 to file their replies. (ECF No. 53.)

On February 23, 2015, the Court entered a Minute Order granting Defendant Lahaina Plumbing Company, Inc.'s and Defendant Val Hernandez's Motions for Substantive Joinder in Defendants Meg

---

[1] The caption of Plaintiff's Complaint indicates that he is suing the "Board of Directors (Officers) for the Association of Apartment Owners of Napili Ridge, in their official compacity [sic] and personally." (ECF No. 1.) Plaintiff alleges that Defendant Adam Alexander was, at all relevant times, the President of the Association of Apartment Owners of Napili Ridge and a member of the Board (Compl. ¶ 8, ECF No. 1) and that Defendant Robin Vega was, at all relevant times, the Treasurer of the Association of Apartment Owners of Napili Ridge and a member of the Board. (Compl. ¶ 9, ECF No. 1.) Although unclear, Plaintiff appears to name both the Board of Directors and the officers of the Board of Directors as Defendants. Defendants Alexander and Vega are the only individuals identified as being officers of the Board. The governing documents for the Association of Apartment Owners of Napili Ridge are not before the Court.

4

Bales, Mac Lowson, Association of Apartment Owners of Napili Ridge, Robin Vega, Adam Alexander, Robert Stailey, Jr., Ron Perry, Ann Shipman, the Board of Directors and officers for the Association of Apartment Owners of Napili Ridge, Management Consultants of Hawaii, Inc.'s Motions to Dismiss. (ECF No. 61.)

As of the date of this Order, Plaintiff has not filed an opposition and Defendants have not filed replies.

Pursuant to Local Rule 7.2(d), the Court elected to decide this matter without a hearing. (ECF No. 53.)

## **STANDARD OF REVIEW**

A case is properly dismissed for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) when the court lacks the constitutional or statutory power to adjudicate the case. In a motion to dismiss based upon lack of subject matter jurisdiction under Rule 12(b)(1), the court employs the same standard under which it would review a motion for dismissal for failure to state a claim under Rule 12(b)(6). Bollard v. California Province of the Society of Jesus, 196 F.3d 940, 945 (9th Cir. 1999) (citing Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295 (9th Cir.1998)). At this stage in the proceedings, the court must take the allegations in Plaintiffs' complaint as true. Id. (citing Big Bear Lodging Ass'n v. Snow Summit, Inc., 182 F.3d 1096, 1099 (9th Cir. 1999)).

## ANALYSIS

### Federal Jurisdiction

Plaintiff Scott William Foster, a Hawaii resident, rented an apartment at a condominium complex known as Napili Ridge, located in Lahaina, Maui. The Complaint alleges that Plaintiff was injured and incurred damages when a broken sewer pipe allowed hydrogen sulfide gas to escape into the condominium unit where he resided. Plaintiff's Complaint cites to Hawaii state law, primarily Hawaii Revised Statutes, Chapters 514A and 514B (the Condominium Property Act) and asserts state common law tort claims for personal injuries. Defendants Meg Bales, Mac Lowson, Association of Apartment Owners of Napili Ridge, Robin Vega, Adam Alexander, Robert Stailey, Jr., Ron Perry, Ann Shipman, the Board of Directors and officers for the Association of Apartment Owners of Napili Ridge, Management Consultants of Hawaii, Inc., joined by Defendants Val Hernandez and Lahaina Plumbing Company, Inc., move to dismiss the Complaint on the grounds that the Court lacks federal jurisdiction. Plaintiff has not filed an opposition to Defendants' motions to dismiss.

The federal court's statutory jurisdiction is set forth in 28 U.S.C. § 1331 and 28 U.S.C. § 1332. A federal district court may have jurisdiction based either on diversity, pursuant to 28 U.S.C. § 1331, or federal question pursuant to 28 U.S.C. § 1332.

Diversity jurisdiction, pursuant to 28 U.S.C. § 1331, requires complete diversity between the Plaintiff and all defendants.  If any plaintiff shares a common citizenship with any defendant, then diversity is destroyed and along with it federal jurisdiction.  See Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004).  Plaintiff alleges that he is a resident of Hawaii.  (ECF No. 1, Compl. ¶ 1.)  Plaintiff alleges that all of the Defendants are residents of Hawaii.  (ECF No. 1, Compl. ¶¶ 3-21.)  Plaintiff shares a common citizenship, Hawaii, with all of the Defendants.  The Court does not have diversity jurisdiction.

The Complaint also fails to allege a federal cause of action as a basis for jurisdiction.  For the federal district court to consider a matter, pursuant to 28 U.S.C. § 1332, the United States Constitution and applicable statutes require that it have subject matter jurisdiction.  See Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1121 (9th Cir. 2002) ("Though Article III, Section 2, Clause 1 of the Constitution delineates the character of the controversies over which federal judicial authority may extend, the lower federal courts rely on Congress to confer this authority through statutory grants of jurisdiction. Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement.") (quotation marks and citations omitted).

Plaintiff's Complaint also does not allege a basis for federal question jurisdiction. 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts claims under state common law and state statutes. Plaintiff does not assert claims that arise under federal law.

In paragraph 104, Plaintiff makes a reference to Defendants' disregard for his "Constitutional and Civil Rights." (ECF No. 1, Compl. ¶ 104.) The recital of facts following the statement does not reference any federal right.

In paragraph 108, Plaintiff alleges Defendants committed "Offenses against civil rights Chapter 45 [sic] Fair Housing, Constitutional rights, violation of HRS chapter 842 and Civil Conspiracy." (ECF No. 1, Compl. ¶ 108.)[2] Once again there are no allegations that would be construed as federal claims. Plaintiff has not stated a colorable claim under the United States Constitution or laws of the United States.

**Dismissal Without Leave to Amend**

The Court construes the Complaint liberally because Plaintiff is proceeding pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Plaintiff did not file an opposition to the motion to

---

[2] Plaintiff's reference to "Chapter 45 Fair Housing" appears to be a reference to Hawaii Revised Statues, Chapter 515 (Discrimination in Real Property Transactions).

8

dismiss.  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995).  Here, it is absolutely clear that no amendment can cure the defects in Plaintiff's Complaint and granting leave to amend would be futile.  See Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (district court may dismiss without granting leave to amend where amendment would be futile).  The Court does not have jurisdiction.  According to the allegations in the Complaint, all of the Defendants reside in Hawaii as does Plaintiff.  Plaintiff has not alleged a violation of federal law and none of the factual allegations in Plaintiff's 111 paragraph Complaint support a claim based on violation of federal law.

**Attorneys' Fees and Costs**

Defendants Meg Bales, Mac Lowson, Association of Apartment Owners of Napili Ridge, Robin Vega, Adam Alexander, Robert Stailey, Jr., Ron Perry, Ann Shipman, the Board of Directors and officers for the Association of Apartment Owners of Napili Ridge, Management Consultants of Hawaii, Inc., Val Hernandez, and Lahaina Plumbing Company, Inc. ask the Court to exercise its inherent power to award them attorneys' fees and costs.  The Court declines to award attorneys' fees and costs.  Plaintiff is

proceeding pro se.  While Plaintiff has failed to allege a basis for federal jurisdiction, the factual basis for Plaintiff's Complaint is not frivolous.

## **CONCLUSION**

The Court **GRANTS** Defendants' Motions to Dismiss.  The Complaint is **DISMISSED WITHOUT LEAVE TO AMEND** for lack of jurisdiction.

> DEFENDANTS MEG BALES AND MAC LOWSON'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION AND FOR AWARD OF ATTORNEY'S FEES AND COSTS, joined by Defendants Val Hernandez and Lahaina Plumbing Company, Inc. is **GRANTED** as to the Motion to Dismiss and **DENIED** as to the request for attorneys' fees and costs. (ECF No. 50.)

> DEFENDANTS ASSOCIATION OF APARTMENT OWNERS OF NAPILI RIDGE, ROBIN VEGA, ADAM ALEXANDER, ROBERT STAILEY, JR., RON PERRY, ANN SHIPMAN, BOARD OF DIRECTORS (OFFICERS) FOR THE ASSOCIATION OF APARTMENT OWNERS OF NAPILI RIDGE, AND MANAGEMENT CONSULTANTS OF HAWAII, INC.'S MOTION TO DISMISS PLAINTIFF SCOTT WILLIAM FOSTER'S COMPLAINT FILED ON MARCH 4, 2014, joined by Defendants Val Hernandez and Lahaina Plumbing Company, Inc. is **GRANTED** as to the Motion to Dismiss and **DENIED** as to the request for attorneys' fees and costs. (ECF No. 51.)

The Clerk of Court is ordered to close the case.

IT IS SO ORDERED.

DATED: April 10, 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

_____

Foster v. Dolan et al., Civ. No. 14-00108 HG-BMK; **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF JURISDICTION AND DENYING DEFENDANTS' REQUESTS FOR AN AWARD OF ATTORNEYS' FEES AND COSTS (ECF No. 50, 51) AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND**